## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 15 2016, 8:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney Geneneral

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Yosef Abraham, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 15, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1510-CR-1759 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy Jones <br><br> Trial Court Cause No. <br> 49G08-1410-CM-48485 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Yosef Abraham challenges the sufficiency of the evidence supporting his conviction for public nudity. We affirm.

# Facts and Procedural History

[2] Three police officers were in a gas station in Speedway when Abraham, who was completely nude, walked in and started yelling "I'll kill you," among other things. Tr. p. 9. The officers arrested Abraham, and the State later charged him with public nudity with the intent to be seen by another person. *See* Ind. Code § 35-45-4-1.5(c). At a bench trial, Abraham testified that he was "stressed" about his son, that he was suicidal, that he left his house "to find some help or assistance," that he entered the gas station hoping the officers would "save [his] life," and that he had no intention of being nude in front of people but did not have "time to think about that." Tr. p. 22-23. The trial court nonetheless found Abraham guilty, explaining, "I don't find this testimony to be credible and I find it to be self-serving on behalf of the defendant." *Id.* at 25. The trial court placed Abraham on probation and, pursuant to the State's request, ordered him to have a mental health evaluation.

[3] Abraham now appeals.

# Discussion and Decision

[4]     Abraham contends that the State failed to present sufficient evidence to support his conviction. In reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the judgment. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[5]     In order to convict Abraham of public nudity as a Class B misdemeanor, the State had to prove beyond a reasonable doubt that he (1) knowingly or intentionally appeared in a public place in a state of nudity and (2) did so with the intent to be seen by another person. *See* I.C. § 35-45-4-1.5(c). Abraham concedes that he appeared in a public place in a state of nudity, but he argues that he did not do so knowingly or with the intent to be seen by another person. Relying on his own testimony, he asserts that he "may have been experiencing a type of psychotic episode" and "had no time to think of himself as being nude when he left his home." Appellant's Br. p. 9. However, the trial court determined that Abraham's explanation was not credible, and we will not reassess witness credibility. *See Wilson*, 39 N.E.3d at 716.

Affirmed.

Barnes, J., and Mathias, J., concur.